Anthony T. McNEIL, Sr., and Virgie D. Brooks, Plaintiffs,

v.

AT & T UNIVERSAL CARD and Universal Bank, N.A., Defendants.

No. CIV.A. 96–4042.

United States District Court, E.D. Pennsylvania.

May 3, 2000.

---

Anthony T. McNeil, Sr., Philadelphia, PA, pro se.

Thomas P. Bracaglia, Philadelphia, PA, for defendant.

## MEMORANDUM

REED, Senior District Judge.

Plaintiffs Anthony T. McNeil, Sr., and Virgie D. Brooks brought this action against defendant AT & T Universal Credit Card Service Corporation ("AT & T"),[1] alleging that AT & T negligently failed to provide insurance in violation of a credit card agreement. AT & T filed a counterclaim to which plaintiffs failed to respond. This Court entered a default judgment as to liability on the counterclaim (Document No. 19) and a final judgment on the counterclaim following an evidentiary hearing on damages (Document No. 27), both in favor of AT & T. AT & T then filed the instant motion for summary judgment on plaintiffs' claims. Though the certificate of service submitted with AT & T's motion indicates that copies of the motion were sent to plaintiffs at two addresses, plaintiffs have not responded to the motion. The motion will be granted.

A moving party is not "automatically entitled to summary judgment if the opposing party does not respond." *Anchorage Assoc. v. Virgin Islands Board of Tax Review,* 922 F.2d 168, 175 (3d Cir.1990) (quoting *Jaroma v. Massey,* 873 F.2d 17, 20 (1st Cir.1989)); *see also Durant v. Husband,* 28 F.3d 12, 17 (3d Cir.1994) (citing *Anchorage,* 922 F.2d at 176) ("[D]elinquency [is] not sufficient to justify the entry of summary judgment in the absence of facts in the record to support the action on the merits."). Thus, on an unresponded-to motion for summary judgment, the district court still must determine, based on the evidence presented by the moving party, whether there remains a genuine of material fact and whether the moving party is entitled to judgment as a matter of law, pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). *See also Pennick v. Brown,* No. 98–1199, 2000 WL 419985, at *1, 2000 U.S. Dist. LEXIS 4850, at *5–6 (E.D.Pa. Apr. 18, 2000); *Electric Mobility Corp. v. Bourns Sensors/Controls, Inc.,* 87 F.Supp.2d 394 (D.N.J.2000).

The evidence offered by AT & T consists solely of admissions.[2] Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendants served plaintiffs with requests for admissions, and plaintiffs had 30 days to respond to the requests or the matters addressed in the admissions would be deemed admitted. *See* Fed. R.Civ.P. 36.[3] The requests for admissions submitted by AT & T asked plaintiffs whether they admit that they were unaware of any facts that would support the allegations in the complaint that

---

1. AT & T Universal Credit Card Services Corporation answered the complaint and filed the counterclaim against the plaintiffs; it has indicated that it was incorrectly identified as AT & T Universal Card and Universal Bank, N.A. in the complaint. To avoid confusion, defendant will be referred to as "AT & T" herein.

2. Admissions may be considered in deciding a motion for summary judgment under Rule 56. *See* Fed.R.Civ.P. 56(c) ("[J]udgment ... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and *admissions on file,* together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.") [emphasis added].

3. Rule 36(a) provides, "The matter is admitted unless within 30 days after service of the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or the party's attorney."

(1) AT & T was negligent in providing optional payment protection plan under the defendants' credit card agreement; (2) AT & T failed to provide insurance protection for which plaintiffs applied; (3) McNeil requested insurance protection on June 6, 1995; (4) AT & T assured plaintiffs that it would address plaintiffs' concerns and correct their account; (5) AT & T failed to make the promised corrections, issue an insurance application, or issue credit security as requested by plaintiffs, and thereby injuring plaintiffs' credit rating; (6) plaintiffs suffered actual damages due to defendant's alleged negligence; (7) plaintiffs are entitled to punitive damages; and (8) plaintiffs are entitled to prospective damages; (9) plaintiffs are entitled to attorneys' fees in the amount of $10,000. (Defendant's Requests for Admissions, Oct. 5, 1999, attached to AT & T's Brief in Support of Motion for Summary Judgment).

Plaintiffs never responded to the requests for admissions, and therefore the matters addressed in the requests for admission are deemed admitted. *See Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977); *Siss v. County of Passaic*, 75 F.Supp.2d 325, 331 (D.N.J.1999).[4] Plaintiffs have thus conceded in a conclusive manner that they were unaware of any facts supporting any of the substantial allegations in their complaint. Furthermore, plaintiffs have produced insufficient evidence to convince a reasonable trier of fact that AT & T was negligent in providing insurance to plaintiffs; in fact, plaintiffs have produced no evidence at all.

Plaintiffs' silence is deafening and dispositive. I conclude that there is no genuine issue of material fact as to whether AT & T was negligent with respect to the provision of insurance to plaintiffs under AT & T's credit card agreement with plaintiffs. In light of the admissions on file in this case, the facts

are so one-sided that defendant is entitled to judgment as a matter of law.

An appropriate Order follows.

### ORDER

**AND NOW,** this 3rd day of May, 2000, upon consideration of the motion for summary judgment of defendant AT & T Universal Credit Card Services Corp. (Document No. 34), and plaintiffs Anthony T. McNeil, Sr., and Virgie D. Brooks having failed to respond to defendant's requests for admissions after due notice and thereby having admitted the matters addressed therein, and plaintiffs having failed to respond to defendant's motion for summary judgment after due notice, and this Court having concluded pursuant to Rule 56 of the Federal Rules of Civil Procedure, for the reasons set forth in the foregoing memorandum, that there is no genuine issue of material fact and that defendants are entitled to judgment as a matter of law, it is hereby **ORDERED** that defendant's motion for summary judgment is **GRANTED**, and judgment is hereby **ENTERED** in favor of defendant.

This is a final Order.

---

4. Admissions are conclusively binding on parties at trial, and carry more weight than a witness statement, deposition testimony, or interrogatories, because once made, admissions cannot be countered by other evidence. *See Airco v. Teamsters Health and Welfare Pension Fund of Philadelphia and Vicinity*, 850 F.2d 1028, 1036 (3d Cir.1988) (citing cases).