AMERICAN SOCIETY FOR TESTING & MATERIALS

v.

CORRPRO COMPANIES, INC., Michael Baach, Warren Rogers and Warren Rogers & Associates, Inc.

No. CIV.A.02–7217.

United States District Court, E.D. Pennsylvania.

Nov. 20, 2003.

Thomas B. O'Brien, Jr., Joseph B. Silverstein, Klett Rooney Lieber & Schorling, Joseph D. Mancano, Philadelphia, PA, for Plaintiff.

Rudolph J. DiMassa, Jr., Duane Morris LLP, Philadelphia, PA, Arlene Sokolowski–Craft, Stephen David Williger, Benesch Friedlander Coplan and Aronoff, L.L.P., Denise L. Marcuz, Kenneth W. Hubbard, William M. Jacobs, Thompson Hine L.L.P., Cleveland, OH, for Defendants.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

By this civil action, Plaintiff, American Society for Testing and Materials ("ASTM"), seeks a declaratory judgment that it has no duty to indemnify Defendants Corrpro Companies, Inc. ("Corrpro"), Michael Baach ("Baach"), Warren Rogers & Associates, Inc. ("WRA"), and Warren Rogers ("Rogers") for the costs, expenses and attorney's fees which they incurred in defending a different action in the United States District Court for the Northern District of Ohio. Presently before the Court is ASTM's Motion for Summary Judgment against Defendants Corrpro and WRA. For the following reasons, Plaintiff's motion shall be denied.

### Factual Background

As noted, this case has its origins in another lawsuit which was filed on Novem-

ber 12, 1998 in the U.S. District Court for the Northern District of Ohio by Armor Shield and Double Wall Retrofit Systems, Inc. against, *inter alia*, the plaintiff, ASTM, and the defendants herein, Corrpro, Baach, Rogers, and WRA. The suit alleged that ASTM and the other various defendants, who were direct competitors of Armor Shield and Doublewall, committed a number of anti-trust violations by promulgating certain standards to be employed by the U.S. Environmental Protection Agency in analyzing and assessing underground storage tanks. The suit was settled confidentially on January 29, 2002 without ASTM contributing anything.

However, beginning in 1999 while the *Armor Shield* litigation was ongoing, Defendants all sought indemnification from ASTM for their litigation costs and expenses, including the attorneys' fees which they incurred in defending against the suit. Specifically, the defendants argued that under paragraph 10 of its bylaws, ASTM had a duty to indemnify them as they were being sued as a result of having served "on a committee operating under the auspices of the Society." Plaintiff steadfastly refused the defendants' repeated requests for indemnification and then filed this action on September 10, 2002 seeking a declaratory judgment that it owes no duty of indemnification to Defendants as a result of the *Armor Shield* litigation.

Currently, Plaintiff requests that this court grant it summary judgment under Fed.R.Civ.P. 56(c) and enter an order declaring that it has no obligation to indemnify Defendants Warren Rogers and Corrpro for any of the past or future costs which they incurred in connection with the *Armor Shield* litigation, and dismissing WRA's counterclaim with prejudice on the grounds that these defendants have acknowledged that they were not "a director,

officer, employer or agent of the Society," nor did either serve "on a committee operating under the auspices of the Society" within the meaning of Paragraph 10 of the ASTM Bylaws.

### *Summary Judgment Standards*

Summary judgment is appropriate where the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, reveal no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The district court's responsibility is not to resolve disputed issues of fact, but to determine whether any factual issues exist to be tried. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The presence of "a mere scintilla of evidence" in the non-movant's favor will not avoid summary judgment. *Williams v. Borough of West Chester,* 891 F.2d 458, 460 (3d Cir.1989) (citing *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505). Rather, summary judgment will be granted unless "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. 2505. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990)(citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

### *Discussion*

In opposing the within motion, Defendants contend that "as a matter of law

ASTM is not entitled to summary judgement" because genuine issues of material fact remain as to (1) whether ASTM's By-laws, in conjunction with ASTM's Charter apply to the defendants, (2) whether Defendants are the third-party beneficiaries of the relationship between Plaintiff and Defendants Baach and Rogers, (3) whether the principle of *quantum meruit* entitles the defendants to indemnification of litigation fees and expenses and (4) whether Defendants are real parties in interest in this matter.[1] *See, WRA Opposition* at 10, *Corrpro Opposition* at 13–14, *Corrpro Supplemental Opposition* at 2.

### A. *ASTM's Bylaws and Charter.*

Paragraph 10 of the ASTM Bylaws narrowly sets forth who may make a claim for indemnification. That paragraph states, in pertinent part:

> "Any person who was or is a party, or is threatened to be made party, to any threatened, pending, or completed action, suit or proceeding...by reason of the fact that he is or was a director, officer, employee or agent of the Society, or by reason of the fact that he is or was serving on a committee operating under the auspices of the Society..."

Defendants have admitted that they were neither a director, officer, employer, employee agent or member of ASTM and that they were neither a member of an ASTM Committee nor did they serve on any ASTM Committee. See *Corrpro Opposition* at 7, *WRA Opposition* at 1; see also

*McNeil v. AT & T Universal Card,* 192 F.R.D. 492, 494 n. 4 (E.D.Pa.2000)("admissions are conclusively binding on a party and carry more weight than witness statement, deposition testimony or interrogatories because once made, admissions cannot be countered by other evidence"). As WRA and Corrpro do not fall within any of the categories of membership expressed under ASTM's Bylaws, we therefore find that Paragraph 10 does not entitle them to indemnification.

### B. *Third Party Beneficiary Theory.*

 We likewise cannot find that Defendants Corrpro and WRA have established an indemnification claim under the theory of third-party beneficiary. The current rule in Pennsylvania for designation of a party as a third party beneficiary in order to have standing to recover on a contract, was first articulated in *Spires v. Hanover Fire Insurance Co.,* 364 Pa. 52, 70 A.2d 828 (Pa.1950). Under *Spires,* both contracting parties must express an intention that the third party be a beneficiary, and that intention must have affirmatively appeared in the contract itself, *Scarpitti v. Weborg,* 530 Pa. 366, 609 A.2d 147, 149 (1992) *citing Spires,* 364 Pa. at 57, 70 A.2d at 830–831. *See Also, Halstead v. Motorcycle Safety Foundation, Inc.,* 71 F.Supp.2d 455, 460 (E.D.Pa.1999). This rule is not absolute, as the Pennsylvania Supreme Court, in *Guy v. Liederbach,* 501 Pa. 47, 459 A.2d 744, 751 (1983), adopted the Restatement (Second) of Contracts, § 302 (1979)[2] thereby carving out a narrow exception. *Scarpitti,* 609 A.2d at 150. Thus, a party becomes a third party bene-

---

1. Defendant Corrpro also argued that summary judgment is inappropriate because when Plaintiff's Motion for Summary Judgment was filed, discovery was not yet closed. *Corrpro Opposition* at 4,10. However, to the extent this argument is tenable under R. 56, this issue is now rendered moot as discovery has been closed since August 1, 2003. Defen-

dants have now had ample time to supplement and update their briefs accordingly.

2. Section 302 provides that:
 (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary

ficiary only where both parties to the contract express an intention to benefit the third party in the contract itself unless the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance. *Id.See Also, Blue Mountain Mushroom Co. v. Monterey Mushroom,* 246 F.Supp.2d 394, 401 (E.D.Pa.2002).

In this case, Defendants Corrpro and WRA contend that Paragraph 10 created a contract between Defendants Baach, Rogers and ASTM whereby ASTM agreed to indemnify Defendants if they were made a party to a lawsuit by virtue of their services to ASTM. However, even assuming a contract was created, Corrpro and WRA have failed to demonstrate that they are the intended third-party beneficiaries of said contract.

Bylaw 10 does not expressly mention Defendants Baach's and Rogers' corporate sponsors, WRA and Corrpro.[3] Therefore, the *Spires* test is not satisfied.[4] Under the exception to *Spires,* it is left to the discretion of the court to first decide whether "the circumstances are so compelling that the recognition of the beneficiary's right is appropriate to effectuate the intention of the parties." *Blue Mountain Mushroom*

Co. v. Monterey Mushroom, 246 F.Supp.2d 394, 401 (E.D.Pa.2002). We find that they are not. Indeed, the evidence demonstrates that recognizing a right to performance would not be appropriate to effectuate the intentions of the parties. The third party beneficiary relationship was not within the contemplation of ASTM and defendants Baach and Rogers at the time the latter became members and thereby subjects of ASTM's by-laws. Defendants Corrpro and WRA neither aver nor does Bylaw 10 evince that there was ever any intention on the part of the "contracting" parties that Corrpro or WRA would be a beneficiary thereunder. Rather, the evidence simply indicates that Defendants Rogers and Baach intended to reimburse WRA and Corrpro for the expenses, costs and fees incurred as a result of the *Armor Shield* Litigation. Moreover, they will only do so to the extent Defendants recover such litigation related fees, costs and expenses from ASTM, if any. Therefore, the defendants' obligation to pay money to Corrpro and WRA is not absolute, but rather contingent. Accordingly, we conclude that Defendants have failed in demonstrating a basis for relying on the theory of third-party beneficiary to sustain a claim for indemnification.

### C. *Quantum Meruit Theory.*

 In addition, Defendants WRA and Corrpro assert that they are entitled to

---

is appropriate to effectuate the intentions of the parties and either
 (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
 (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
 (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

3. *Blue Mountain Mushroom Co. v. Monterey Mushroom,* 246 F.Supp.2d 394, 401 (E.D.Pa. 2002) ("To be a third party beneficiary enti-

tled to recover on a contract it is not enough that it be intended by one of the parties to the contract and the third that the latter should be a beneficiary, but both parties to the contract must so intend and must indicate that intention in the contract.").

4. Corrpro concedes that it does not qualify as a third-party beneficiary under the *Spires* test, while WRA relies on the limited exception established by the Restatement (Second) of Contracts § 302. *Corrpro* Opposition at 8–9; *WRA* Opposition at 5.

indemnification under the doctrine of quantum meruit. We find that defendant's reliance on this doctrine is also misplaced.

■ It is well-settled that quantum meruit is a quasi-contractual remedy in which a contract is implied in law under a theory of unjust enrichment; the contract is one that is implied in law and not an "actual contract" at all. *Allegheny General Hospital v. Philip Morris, Inc.,* 228 F.3d 429, 447 (3d Cir.2000), quoting *Hershey Foods Corp. v. Ralph Chapek, Inc.,* 828 F.2d 989, 998–99 (3d Cir.1987), quoting *Ragnar Benson, Inc. v. Bethel Mart Assocs.,* 308 Pa.Super. 405, 454 A.2d 599, 603 (1982). Quantum meruit may be had when one party had a reasonable expectation of payment from the other party, and it would be unconscionable -i.e., a form of unjust enrichment -for the second party to receive the benefit of the first party's services without payment. *King of Prussia Corp. v. Power Curbers, Inc.,* 158 F.Supp.2d 463 (E.D.Pa.2001). *See also, New Tech Voting Systems, Inc. v. Danaher Corp.,* 1996 WL 711272 at *3 (E.D.Pa. 1996).

In the present case, Corrpro and WRA claim quantum meruit because ASTM has allegedly benefitted from Defendants Rogers' and Baach's affiliation with WRA and Corrpro, WRA's payment of Roger's litigation expenses and Corrpro's payment of Baach's litigation expenses. Moreover, Defendants contend that the settlement agreement allegedly benefitted ASTM as it was dismissed as a party to the matter without any contribution to the settlement amount. Defendants do not sufficiently allege facts or provide proof as to what services they provided to ASTM's benefit such as to justify an award in their favor under an implied contract/quantum meruit

theory. At most, ASTM has reaped an incidental benefit, which is insufficient to support the defendants' claim. *See, Allegheny Gen. Hosp. v. Philip Morris, Inc.,* 228 F.3d 429, 447 (3d Cir.2000). We therefore also reject Defendants' contention that they are entitled to relief under the doctrine of quantum meruit.

### D. *Real Party in Interest Theory.*

■ Lastly, Defendants argue that since Rogers and Baach have conditionally assigned any recovery from ASTM to WRA and Corrpro, summary judgment is inappropriate because Defendants are real parties in interest in this matter. A "real party in interest" defendant is one who, by substantive law of the state, has the duty or right sought to be enforced. *Sun Oil Co. v. Pennsylvania Dept. of Labor & Indus.,* 365 F.Supp. 1403, 1406 (E.D.Pa. 1973). *See also, Gustafson v. Finn,* 1991 WL 32745 (N.D.Ill.1991). Corrpro and WRA are both real parties in interest.[5] Where an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights. *CGU Life Insurance Co. v. Metropolitan Mortgage and Securities Co.,* 131 F.Supp.2d 670, 676 (E.D.Pa.2001), citing, *inter alia, Smith v. Cumberland Group, Ltd.,* 455 Pa.Super. 276, 285, 687 A.2d 1167, 1172 (1997). Therefore the assignee is the real party in interest and an action on the assignment must be prosecuted in his name. *Id.,* citing *Wilcox v. Regester,* 417 Pa. 475, 480, 207 A.2d 817, 820 (1965), *Sanford Investment Company v. Ahlstrom Machinery Holdings, Inc.,* 1998 WL 761876, *2 (E.D.Pa.1998).

Here, as conditional assignees, Corrpro and WRA are the recipients of any litiga-

---

**5.** In contrast to a "real party in interest," a formal or nominal party is one who, in a genuine legal sense, has no interest in the result of the suit, or no actual interest or control over the subject matter of the litigation. *See, Drucker v. Fernandez,* 1991 WL 97441 (E.D.Pa.1991).

tion fees and expenses recovered by defendants Rogers and Baach. Thus, under the above-cited authorities, we conclude that Corrpro and WRA have a real and legal interest in the outcome of this case. On this basis, then the motion for summary judgment must be denied.

### *Conclusion*

Plaintiff contends summary judgment should be granted because defendants have no standing to challenge the decision of ASTM's Board of Directors. As indicated above, plaintiff's overarching argument is without merit. A "real party in interest" defendant is one who, by substantive law of the state, has the duty or right sought to be enforced. *Sun Oil Co. v. Pennsylvania Dept. of Labor & Indus.*, 365 F.Supp. 1403, 1406 (E.D.Pa.1973). Because defendants have established a basis for standing under the "real party in interest" doctrine, we find that summary judgment is not appropriate and Plaintiff's motion is denied.

An order follows.

### *ORDER*

AND NOW, this 20th day of November, 2003, upon consideration of Plaintiff's Motion for Summary Judgment Against Defendants Warren Rogers Associates, Inc. and Corrpro Companies, Inc. (Document No. 37) and Defendants' Responses thereto, it is hereby ORDERED that the Motion is DENIED for the reasons set forth in the preceding Memorandum Opinion.