**Washington Mutual Bank FA v. Carr**

*Mark J. Udren,* for plaintiffs.
*Dusan Bratic,* for defendants.

GEORGE, *J.,* January 18, 2006—This action was commenced when Washington Mutual Bank filed a complaint in mortgage foreclosure against Christopher S. Carr. The complaint was met by preliminary objections, which raised Bank's lack of capacity to sue and improper verification of the complaint. Following the filing of preliminary objections, Bank filed a praecipe to substitute verification thereby making Carr's second preliminary objection moot. For the reasons set forth below, Carr's preliminary objection on the basis of lack of capacity to sue is granted.

Carr's preliminary objection, alleging lack of capacity to sue, recognizes that PNC Mortgage Corporation was the original mortgagee on the instrument at issue. Carr further points out that the complaint indicates that

the mortgage was never assigned. Finally, Carr observes that even though the caption identifies the plaintiff as "Washington Mutual Bank FA, f/k/a PNC Mortgage Corp. of America," the complaint fails to contain any allegation as to the relationship between PNC Mortgage Corporation of America and Bank.

Pennsylvania Rule of Civil Procedure 2002 states, "[e]xcept as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts." Pa.R.C.P. 2002. It is well known that a party is allowed to litigate as a real party in interest after becoming the assignee of a mortgage. *American Society for Testing & Materials v. Corrpro Companies Inc.,* 292 F. Supp.2d 713, 718 (E.D. Pa. 2003) (where an assignment is effective, the assignee stands in the shoes of the assignor and assumes all of his rights). It should be noted, however, that a real party in interest is simply defined as a party who "has the legal right under the applicable substantive law to enforce the claim in question." See *Cole v. Boyd,* 719 A.2d 311, 313 (Pa. Super. 1998) (quoting Black's Law Dictionary 874 (6th ed. 1991)); see also, *American Society for Testing & Materials,* 292 F. Supp.2d at 718 (defining a real party in interest as someone who, by substantive law of the state, has the duty or right sought to be enforced). There are several exceptions listed in Pennsylvania Rule of Civil Procedure 2002, aside from the assignor/assignee rule, which can be utilized so that a party may be considered a real party in interest. See *Cole,* 719 A.2d at 313 (finding that the general rule that all actions shall be prosecuted by and in the name of the

real party in interest shall not be mandatory where a subrogee is a real party in interest; where there is no evidence of a subrogation agreement, none will be presumed); *Bizmart Inc. v. Facility Construction Management Inc.,* 65 D.&C.4th 359, 366 (Schuylkill Cty. 2004) (allowing a subsidiary of a parent corporation to be considered a party in interest where the subsidary's litigious cause was for the benefit of the parent corporation); *Manor Building Corp. v. Manor Complex Associates Ltd.,* 435 Pa. Super. 246, 257, 645 A.2d 843, 848 (1994) (allowing a corporation, which was a successor in interest to the corporation initially involved in the suit, to be considered a party in interest where an assignment was effectuated). However, in order for one of these exceptions to apply in the instant case, it is imperative that the plaintiff detail its relationship to PNC Mortgage Corporation in its pleadings.

While the plaintiff, in the complaint, specifically stated that the mortgage was not assigned from PNC Mortgage Corporation to Washington Mutual Bank, it failed to clarify exactly how the mortgage was transferred from PNC Mortgage Corporation to Washington Mutual Bank. In the plaintiff's reply to defendant's preliminary objections, the plaintiff merely stated that "[a]n assignment is not required as Washington Mutual Bank is not the assignee but is the successor in interest to PNC Mortgage Corp. of America." While the plaintiff may, in fact, be qualified to bring suit as a real party in interest as a result of his status as "successor in interest," the plaintiff failed to aver any facts that show that the defendant had a duty to pay the plaintiff, Washington Mutual Bank, rather than PNC Mortgage Corporation.

Pennsylvania Rule of Civil Procedure 1019 requires that "material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. 1019. The instant complaint appears to be a form complaint that has failed to accommodate the allegations concerning the status or legal relationship between the original mortgagee and the current plaintiff. Although it is likely that this deficiency can be cured, I cannot presume the same under the guise of promoting the prompt and efficient resolution of the claim between the parties. Since this court cannot ignore reasonable compliance with the Pennsylvania Rules of Civil Procedure, the preliminary objection is granted. Bank, however, will be given the opportunity to amend its complaint.

For the foregoing reasons, the attached order is entered.

## ORDER

And now, January 18, 2006, the defendant's preliminary objection based upon lack of capacity to sue is granted. The plaintiff is given 20 days from the date of this order to file an amended complaint.