J-A28026-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KTMT NEWBURY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TODD KRAUTHEIM | |
| Appellant | No. 943 EDA 2014 |

Appeal from the Order Entered on February 24, 2014
In the Court of Common Pleas of Bucks County
Civil Division at No.: 2013-07214

BEFORE:  GANTMAN, P.J., WECHT, J., and JENKINS, J.

MEMORANDUM BY WECHT, J.:                **FILED JANUARY 07, 2015**

Todd Krautheim appeals *pro se* from the order of February 24, 2014, granting summary judgment in favor of KTMT Newbury ("KTMT"), successor-in-interest of First Savings Bank of Perkasie ("First Savings") in this mortgage foreclosure action.  In addition, Krautheim has filed a "Notice of Challenge to Constitutionality of Statute," in which he seeks relief from the allegedly unconstitutional application of Rule 1.6 of the Pennsylvania Rules of Professional Conduct.  We affirm the trial court's order and deny the motion.

The trial court set forth the facts of this case as follows:

On April 15, 2002, [First Savings] secured a Note (hereinafter, "Mortgage") signed by Krautheim upon the residential premises at 186 East Ashland St., Doylestown, PA 18901.  The Mortgage is recorded in the Office of the Recorder of Deeds of Bucks County.  The Mortgage was for $400,000 (four hundred thousand dollars) total, with interest at the rate of 5.75% (five

point seven five percent) per annum, and payments to be made monthly. On September 18, 2013, First Savings filed a Complaint in Mortgage Foreclosure. The Complaint alleges "[Krautheim] defaulted under the aforesaid documents by failing to timely make the required monthly installment payments of principal and interest [that were] due for the March 2013 monthly payment and remain[] currently due for the August 2013 payment and the months thereafter."

On October 11, 2013, Krautheim filed a Response to the Complaint. Krautheim argued that First Savings "has failed to make the previously arranged transfer of funds between accounts held at their institution," and that "[t]he transfers of funds between the accounts is not a function which can be accomplished by [Krautheim]." Krautheim also generally denied the allegations of the Complaint, stating, "[Krautheim] has not defaulted on the mortgage. The bank has simply neglected to make the appropriate transfer of funds." Krautheim failed to supplement his Answer with any accompanying evidence showing a prior arrangement for the transfer of any funds.

On October 23, 2013, First Savings filed a Motion for Summary Judgment. In its Motion, First Savings stated that "[Krautheim's] Answer, as a whole, is non-responsive to [First Savings'] Complaint. [Krautheim] attempts to allege that he has not defaulted on his loan, but rather, that [First Savings] has failed to move funds between two accounts. [Krautheim] offers no support for this allegation." In its Motion for Summary Judgment, First Savings attached an affidavit from their representative verifying the default status of the loans and the amounts due. They also attached a copy of the Mortgage.

On November 27, 2013, Krautheim filed a Reply to First Savings' Motion for Summary Judgment. In his Reply, Krautheim reiterated the statements made in his Answer, and again failed to attach any documents supporting his assertion that First Savings failed to transfer funds. Krautheim's Reply also suggests that First Savings should be responsible for showing the alleged transfer of funds agreement, and that First Savings' attorneys acted in an inappropriate manner.

On February 24, 2014, the [trial c]ourt granted First Savings' Motion for Summary Judgment.

On March 10, 2014, KTMT, as an assignee of First Savings, filed a Praecipe to Substitute Plaintiff, and requested that the

prothonotary list KTMT as the only party in the action by virtue of assignment of the parties.[13]

> [13] This praecipe and substitution of Plaintiff had no effect on the legal conclusions reached by the [c]ourt, or its analysis.

On March 24, 2014, Krautheim filed his [*pro se*] Notice of Appeal with the Pennsylvania Superior Court.

Trial Court Opinion ("T.C.O."), 5/29/2014, at 1-3 (record citations and most footnotes omitted). On April 7, 2014, the trial court ordered Krautheim to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Krautheim timely complied on April 28, 2014. The trial court entered its opinion pursuant to Pa.R.A.P. 1925(a) on May 29, 2014.

Initially, we note that Krautheim's *pro se* brief violates several rules of appellate procedure. While we are willing to liberally construe materials filed by a *pro se* appellant, *see Grose v. P&G Paper Prods. (In re Grose)*, 866 A.2d 437, 439-40 (Pa. Super. 2005), our review is hampered by Krautheim's failure to include a statement of jurisdiction, a statement of the scope and standard of review, a statement of questions involved, a statement of the case, a summary of the argument, a separate argument section, and a short conclusion stating the precise relief sought. *See* Pa.R.A.P. 2111(a), 2114, 2116(a), 2117, 2118 and 2119(a). Krautheim's brief consists of three unnumbered pages with no citations to relevant case law or statutory

authority. Notwithstanding these glaring errors, we have carefully reviewed his brief and have gleaned the following issues therefrom[1]: Krautheim challenges the jurisdiction of this Court, alleges a "failure to hold proceedings," and challenges KTMT's standing. Krautheim's Brief at unnumbered pages 1-2.

Our standard of review of an order granting summary judgment is well-settled:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

---

[1] This Court may quash or dismiss an appeal where the appellant fails to adhere to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2101. In the case *sub judice*, we will address only those arguments we can reasonably discern from Krautheim's substantively defective brief. *See Kring v. Univ. of Pittsburgh*, 829 A.2d 673, 675 (Pa. Super. 2003).

*JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261-62 (Pa. Super. 2013) (case citation omitted).

> In an action for mortgage foreclosure, the entry of summary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount. This is so even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings.

*Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998) (citations omitted).

First, we address, to the extent possible, Krautheim's allegation that the "jurisdiction of this Court and the elements of jurisdiction have not been enumerated." Krautheim's Brief at 1. This claim is undeveloped and would not merit relief.

It is well-settled that "[t]he test for whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs." *In re Admin. Order No. 1-MD-2003*, 936 A.2d 1, 5 (Pa. 2007). "It is the law of this Commonwealth that a judgment may be attacked for lack of jurisdiction at any time, as any such judgment or decree rendered by a court that lacks subject matter or personal jurisdiction is null and void." *Bell v. Kater*, 943 A.2d 293, 298 (Pa. Super. 2008) (citation omitted).

The Rules of Civil Procedure govern mortgage foreclosure actions, *see* Pa.R.C.P. 1141, *et seq.*, and our courts of common pleas generally have

unlimited original jurisdiction over all actions and proceedings in this Commonwealth. *See* 42 Pa.C.S.A. § 931(a). However, in the context of mortgage foreclosures, "if adequate notice of the foreclosure action was not given, the court lacked jurisdiction to enter judgment." ***Meritor Mortgage Corp.—E. v. Henderson***, 617 A.2d 1323, 1326 (Pa. Super. 1992) (quoting ***Vichosky v. Boucher***, 60 A.2d 381, 382 (Pa. Super. 1948)).

In the instant case, Krautheim does not state why he believes the trial court or this Court lacks jurisdiction over a grant of summary judgment in a mortgage foreclosure action. *See* 42 Pa.C.S.A. § 931(a). Nor does he challenge the notice of foreclosure as inadequate. ***See Meritor***, 617 A.2d at 1326. In its complaint, KTMT states that, "[p]ursuant to applicable Pennsylvania law, a Notice of Demand was forwarded to [Krautheim] on or about August 16, 2013." Complaint, 9/18/2013, at 3 ¶ 9. Krautheim's response does not allege any defect in the notice of foreclosure, instead making the unsupported claim that "[t]he bank has simply neglected to make the appropriate transfer of funds." Response to Complaint, 10/11/2013, at 1 ¶ 6. Upon our review of the record, we discern no defect that would prevent the trial court, and consequently this Court, from exercising jurisdiction in this mortgage foreclosure case. ***See Bell***, 943 A.2d at 298; ***Meritor***, 617 A.2d at 1326. Accordingly, Krautheim's assertion regarding subject matter jurisdiction does not merit relief.

Second, Krautheim appears to allege trial court error in failing to hold a hearing before granting KTMT's motion for summary judgment. The entirety of his argument on this issue is as follows:

> The [c]ourt neglected to review, consider or hold any proceeding on the matter.
>
> The [c]ourt ignored the responses, motions and documents filed by [Krautheim] in the matter.
>
> The [c]ourt neglected to address the misinformation in the documents filed by [KTMT] including but not limited to deliberate logical fallacies intended to distract, misrepresent and misinform.

Krautheim's Brief at 1 (unnumbered). We disagree.

Preliminarily, Krautheim fails to identify with any specificity which "responses, motions and documents" the trial court allegedly failed to review, nor does he explain what "misinformation in the documents filed by [KTMT]" misled the court. *Id.* Thus, we cannot address these bald, undeveloped claims. *See* Pa.R.A.P. 2119(a).

However, we will address his allegation that the court erred in failing to hold a hearing in this matter. Pennsylvania Rule of Civil Procedure 1035.2 provides:

> **Rule 1035.2. Motion**
>
> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
>> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

> (2)     if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2. Rule 1035.2 does not mandate that a court hold a hearing prior to granting summary judgment, nor in our research have we found any requirement that a trial court hold a hearing "after the relevant pleadings are closed, but within such time as not to unreasonably delay trial." *Id.* On the contrary, the trial court explained:

> Bucks County Rule of Civil Procedure 208.3(b)(6) states that "[u]nless oral argument has been requested by the moving party in the praecipe, or by any other party within the 10-day period specified in subsection (2) hereof, the matter shall be disposed of by written order . . . ." After a movant has filed a praecipe and the accompanying documents, the opposing party "shall file a brief or memorandum of law with the clerk of the court, serving copies of same on all other parties." During the next ten days, the opposing party may request an oral argument by filing an appropriate praecipe. Pursuant to Bucks County Rule of Civil Procedure 208.3(a), once receiving a motion, the Court may enter an appropriate order disposing of the motion.

T.C.O. at 7 (footnotes omitted). Our independent review of the record confirms the trial court's assertion that First Savings did not request oral argument. In fact, on December 4, 2013, First Savings filed a praecipe explicitly stating, "Oral argument is NOT requested." Praecipe under Rule 208.3(b), 12/4/2013, at 1. At no point did Krautheim praecipe the court himself or attempt to schedule oral argument. Thus, the trial court did not abuse its discretion in granting summary judgment upon the basis of the

parties' filings where there was no genuine issue of material fact, and neither party requested a hearing. **Murray**, 63 A.3d at 1261-62. This issue does not merit relief.

Third, Krautheim contends that First Savings and KTMT lack standing. Specifically, he argues that First Savings "failed to produce evidence of lawful standing to file the civil action against [Krautheim]" and KTMT "has not produced evidence of [its] ownership of the note." Krautheim's Brief at 2-3 (unnumbered). Thus, "[t]he clear lack of standing in the claim permits the Superior Court to return the matter to the [trial] court for proceedings, or a withdrawal or dismissal as appropriate." **Id.** We disagree.

> Pa.R.C.P. 2002 provides, in relevant part, that "[e]xcept as otherwise provided . . . all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts." Pa.R.C.P. 2002(a). In **Cole v. Boyd**, 719 A.2d 311, 312-13 (Pa. Super. 1998), this Court indicated that a real party in interest is a "[p]erson who will be entitled to benefits of action if successful. . . . [A] party is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question." . . . **See generally Levitt v. Patrick**, 976 A.2d 581 (Pa. Super. 2009) (indicating a mortgage secures the note); **Brown v. Esposito**, 42 A.2d 93 (Pa. Super. 1945) (indicating assignee may sue as real party in interest); **American Society for Testing & Materials v. Corrpro Companies, Inc.**, 292 F.Supp.2d 713 (E.D. 2003) (indicating assignee stands in shoes of the assignor, assumes his rights, and since he has a right to be enforced, is a "real party in interest"). Simply put, . . . the recording of an assignment of the mortgage [is] not a prerequisite to [an a]ppellee having standing to seek enforcement of the mortgage via a mortgage foreclosure action.

*US Bank N.A. v. Mallory*, 982 A.2d 986, 993-94 (Pa. Super. 2009) (citations formatted; footnotes omitted).

In its motion for summary judgment, First Savings identifies the mortgage executed by Krautheim with First Savings, which sets forth his obligations and First Savings' remedies upon default.  **See** Motion for Summary Judgment, 10/23/2013, Exhibit C; **see also** Pa.R.C.P. 1019(d) ("In pleading an official document or official act, it is sufficient to identify it by reference and aver that the document was issued or the act done in compliance with law.").  Therefore, First Savings had standing to initiate mortgage foreclosure proceedings when Krautheim defaulted on his mortgage because it held the mortgage which secured the note.  **See** **Mallory**, 982 A.2d at 993-94.

Subsequently, First Savings assigned the mortgage to KTMT, which filed a praecipe to substitute plaintiff with the trial court, asserting that "the parties have agreed KTMT Newbury, LP, as an assignee of First Savings Bank of Perkasie, shall be Plaintiff in this action."  Praecipe to Substitute Plaintiff, 3/10/2014, at 1.  As an assignee, KTMT "stands in shoes of the assignor, assumes [its] rights, and since [it] has a right to be enforced, is a 'real party in interest.'"  **Mallory**, 982 A.2d at 993-94 (citing **Am. Soc. for Testing & Materials**, 292 F.Supp.2d at 713).  Thus, KTMT has standing to pursue the underlying litigation, and need not produce the note in order to establish that it is a real party in interest.  Krautheim's challenge does not merit relief.

Accordingly, the trial court did not err or abuse its discretion where Krautheim's challenges fail to raise a genuine issue of material fact that would preclude the court from granting summary judgment in favor of KTMT.

Finally, we turn to the "Notice of Challenge to Constitutionality of Statute" filed by Krautheim with this Court on August 4, 2014. In it, he contends that Rule 1.6 of the Pennsylvania Rules of Professional Conduct[2]

---

[2] Rule 1.6, Confidentiality of Information, provides:

(a)  A lawyer shall not reveal information relating to representation of a client unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in paragraphs (b) and (c).

(b)  A lawyer shall reveal such information if necessary to comply with the duties stated in Rule 3.3.

(c)  A lawyer may reveal such information to the extent that the lawyer reasonably believes necessary:

(1)  to prevent the client from committing a criminal act that the lawyer believes is likely to result in death or substantial bodily harm or substantial injury to the financial interests or property of another;

(2)  to prevent or to rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services are being or had been used; or

(3)  to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim or disciplinary proceeding against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client.

*(Footnote Continued Next Page)*

- 11 -

"collaterally affect[s] and negate[s] 'the substantive rights of the litigant.' Specifically, Rule 1.6 Confidentiality of Information causes a mandatory conspiracy of silence within the courts [that] ignores the damage and harm caused to litigants and prevents resolution." Notice of Challenge to Constitutionality of Statute, 8/4/2014, Attachment (Letter to Attorney General Kathleen Kane, 8/2/2014). We agree with KTMT that Krautheim's challenge is "irrelevant to the above-captioned appeal." KTMT's Answer to Krautheim's Notice of Challenge to Constitutionality of Statute, 8/21/2014, at 1.

Preliminarily, we observe that the Rules of Professional Conduct and the Rules of Disciplinary Enforcement are promulgated by our Supreme Court, which is vested with the authority to regulate the conduct of attorneys pursuant to Article V, Section 10 of the Pennsylvania Constitution. *See Commonwealth v. Stern*, 701 A.2d 568, 571 (Pa. 1997). Thus, Rule 1.6 is not, as Krautheim claims, a statute. Moreover, we must consider the threshold question of whether Krautheim has standing to raise a challenge to Rule 1.6:

*(Footnote Continued)* ⸺⸺⸺⸺⸺⸺⸺

> (d) The duty not to reveal information relating to representation of a client continues after the client-lawyer relationship has terminated.

Pa.R.P.C. 1.6.

> [T]he requirement of standing under Pennsylvania law is prudential in nature, and stems from the principle that judicial intervention is appropriate only where the underlying controversy is real and concrete, rather than abstract.
>
> Under the concept of prudential standing, the challenger to a statute must demonstrate, *inter alia*, how he or she falls within the zone of interests intended to be protected by the statute, rule, or constitutional provision on which the claim is based.

*Johnson v. Amer. Std.*, 966 A.2d 573, 577 (Pa. Super. 2009) (citations and internal quotation marks omitted). "[A] general allegation of harm is insufficient in the absence of a link to the specific constitutional violation being asserted." *Id.* at 578.

We have carefully reviewed Krautheim's filings and nowhere does he set forth which constitutional provisions are allegedly violated by Rule 1.6. He makes passing reference to "substantive rights guaranteed by the U.S. Constitution" but fails to demonstrate that any specific constitutional provision has been violated in this case. *See Johnson*, 966 A.2d at 577. Furthermore, as noted by KTMT, "[a]t no time during this action[] has KTMT used . . . Rule 1.6 to support its ability to obtain a judgment against Krautheim for defaulting on his loan. At no time during this action[] did the [trial] court use . . . Rule 1.6 to support its ability to grant a judgment against Krautheim for defaulting on his loan." KTMT's Answer, 8/21/2014, at 1.

Krautheim has not established his standing to challenge Pennsylvania Rule of Professional Conduct 1.6 in the instant mortgage foreclosure case. Even if we were able to discern the nature of his objection to the rule, we

would decline to develop an argument for him. *See Commonwealth v. Beshore*, 916 A.2d 1128, 1140 (Pa. Super. 2007) ("We shall not develop an argument for [the appellant], nor shall we scour the record to find evidence to support an argument; consequently, we deem this issue waived.").

Order affirmed. Motion denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/2015