**KALI D. CANTON, Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2011-0079

Supreme Court of the Virgin Islands

November 3, 2014

KELE C. ONYEJEKWE, ESQ., Office of the Public Defender, St. Thomas, USVI, *Attorney for Appellant.*

PAUL J. PAQUIN, ESQ., Department of Justice, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(November 3, 2014)

SWAN, *Associate Justice.* Appellant, Kali D. Canton, who was convicted of first degree murder and other crimes, appeals his convictions, asserting numerous errors, including erroneous jury instructions pertaining to the first degree murder statute and instructions

pertaining to witness credibility. Because the trial court committed plain error when it admitted a witness's prior inconsistent statement as substantive evidence under a repealed law, we reverse the convictions and remand the case for a new trial.

## I. FACTS AND PROCEDURAL HISTORY

On February 15, 2010, two individuals shot at Jibaro Nibbs while he was seated in a Honda Acura parked near an abandoned house in the Hospital Ground area of St. Thomas. Although Nibbs was armed with two firearms, one holstered on his left foot and one holstered on his waist, he did not return fire. Nibbs died instantly because of injuries he sustained from thirteen gunshot wounds. When police detectives arrived at the scene shortly thereafter, they recovered a black baseball cap adjacent to the car in which Nibbs died.

Several persons were identified to the police as perpetrators of the murder. Subsequently, during a police investigation of an unrelated robbery at the home of Mr. Danton Choute, Choute informed the police that he had information pertaining to the shooting of Nibbs. Initially, Choute asserted that the same person who robbed him — who he identified as Jean Connor — was involved in Nibbs's shooting. However, when the detectives investigated this allegation, they discovered that it would have been impossible for Connor to murder Nibbs because he had been incarcerated at the time of the murder. Subsequently, Choute told the police that he had seen Canton and another man shoot Nibbs. Choute gave a videotaped statement to Detective Dwight Griffith, stating with great detail that he witnessed Canton and one other assailant murder Nibbs. In the videotaped statement, Choute stated that he saw Nibbs seated in a white Honda Acura vehicle that was parked on the street. Nibbs and the two men were engaged in a heated verbal altercation concerning a deal, purportedly a drug deal, that "went bad." Nibbs was overheard stating that the men received some merchandise from him more than two weeks ago; therefore, he was demanding payment. Nibbs was also overheard threating to shoot Canton and his acquaintance, if he were not immediately given his money. Canton and his acquaintance immediately retreated into the abandoned house. Thereafter, they exited the house and began shooting at Nibbs.

Canton was arrested and charged in a five-count Information with the following: Count I — aiding and abetting in first degree murder in

violation of 14 V.I.C. § 921, 14 V.I.C. § 922(a)(1), 14 V.I.C. § 11(a); Count II — aiding and abetting in the unauthorized use of a firearm during the commission of first degree murder in violation of 14 V.I.C. § 2253(a), 14 V.I.C. § 11(a); Count III — aiding and abetting in first degree assault in violation of 14 V.I.C. § 295(1) and 14 V.I.C. § 11(a); Count IV — aiding and abetting in the unauthorized use of a firearm during the commission of a first degree assault in violation of 14 V.I.C. § 2253(a) and 14 V.I.C. § 11(a); and Count V — aiding and abetting in reckless endangerment in the first degree in violation of 14 V.I.C. § 625(a) and 14 V.I.C. § 11(a).

At trial, Choute contradicted his prior statements to police and recanted his entire videotaped statement. Additionally, he testified that Canton was not the shooter, but was, in fact, a spectator to the shooting. The People then played for the jury the videotaped statement that Choute had earlier given to the police. In the videotaped statement, Choute further described in great detail how Canton and another person became engaged in a contentious argument with Nibbs. Choute described how he saw the altercation with an unobstructed view and that he immediately recognized Canton and knew him by his sobriquet, "Calico," by which he was known in the Hospital Ground area. Choute elaborated on how Canton and his associate fired upon and killed Nibbs. When questioned at trial about his videotaped statement, Choute claimed that he was coerced by the police into giving the statement.

Three defense witnesses testified on Canton's behalf. Andrea Matthew, who was in the Hospital Ground area at the time of the shooting, claimed that she did not know Canton and never saw him before. Caroline Jackson testified that she saw the shooting incident but that she did not identify Canton as one of the assailants. Wayne Christian testified that he and Canton were in a bar at the time of the shooting and that Canton was not one of Nibbs' assailants.

At the end of trial, the jury found Canton guilty of all counts. He was sentenced to life imprisonment without parole for the first degree murder conviction under Count I, and fifteen years imprisonment, to be served currently with the life sentence, for the unauthorized use of a firearm during the commission of a crime of violence under Count II.[1] He was

---

[1] Canton was also fined $25,000 for Count II, and court costs of $75 were also imposed.

also sentenced to five years imprisonment, to be served concurrently with the penalties of Counts I and II, for the conviction of reckless endangerment in the first degree under Count V. All other counts were merged and no separate sentencing was imposed. This timely appeal ensued.

## II. JURISDICTION

Title 4, section 32(a) of the Virgin Islands Code provides, in pertinent part, that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." It is well established that in a criminal case, the written judgment embodying the adjudication of guilt and the sentence imposed based on that adjudication constitutes a final judgment for purposes of this statute. *Williams v. People*, 58 V.I. 341, 345 (V.I. 2013) (citing cases). Accordingly, we have jurisdiction over this appeal.

## III. ISSUES AND STANDARD OF REVIEW

On appeal, Canton alleges A) that the Information and the final jury instructions failed to give the elements of first degree murder because they did not specify that killing with a firearm was of the types of crimes enumerated in the statute, B) that his convictions were multiplicitous, and C) that the recanted testimony of Choute was insufficient evidence to convict him of the crimes alleged in the Information.

We review a trial court's decision to admit evidence for abuse of discretion. *Jackson-Flavius v. People*, 57 V.I. 716, 731-33 (V.I. 2012); *United States v. Goldin*, 311 F.3d 191, 197 (3d Cir. 2002). We exercise plenary review over a trial court's interpretation of statutes and challenges based on insufficient evidence. *Billu v. People*, 57 V.I. 455, 461 (V.I. 2012). In reviewing a claim for insufficiency of the evidence, we apply a "particularly deferential standard of review." *Castor v. People*, 57 V.I. 482, 488 (V.I. 2012); *Stevens v. People*, 52 V.I. 294, 304 (V.I. 2009) (*quoting Smith v. People*, 51 V.I. 396, 397 (V.I. 2009)). An appellant has a very heavy burden in advancing an insufficiency of the evidence claim. *Latalladi v. People*, 51 V.I. 137, 145 (V.I. 2009). We must affirm a jury's verdict as long as substantial evidence was presented at trial to allow a rational trier of fact to convict when the evidence is viewed in a light most favorable to the government. *Stevens*, 52 V.I. at 304; *Coleman v. Johnson*,

132 S. Ct. 2060, 2064, 182 L. Ed. 2d 978 (2012); *United States v. Wright*, 665 F.3d 560, 567 (3d Cir. 2012). Therefore, a finding of insufficiency of the evidence should be confined to those cases in which the prosecution's failure to establish the elements of the crime is clear. *United States v. Smith*, 294 F.3d 473, 476 (3d Cir. 2002).

## IV. DISCUSSION

### A. The trial court committed plain error when it admitted a prior inconsistent statement as substantive evidence under former 14 V.I.C. § 19.

Canton asserts that the evidence presented against him at trial was not sufficient to convict him for any of the crimes charged. He was convicted of first degree murder, unauthorized use of a firearm during the commission of an attempted murder, first degree assault, unauthorized use of a firearm during the commission of a first degree assault, and reckless endangerment.

After reporting a robbery at his home in the Hospital Ground Area in an unrelated matter, Choute informed the police that he also had information regarding the Nibbs murder. Initially, Choute told the police that Connor, the individual convicted of robbing Choute, was one of the perpetrators involved in murdering Nibbs. When the detectives investigated this allegation, they discovered that it was impossible for Connor to have been involved in the murder of Nibbs, because he was incarcerated at the time of the murder.

Choute implicated Canton and another perpetrator in the murder of Nibbs. In a videotaped statement, Choute described to the police in great detail the manner in which Canton and another individual perpetrated Nibbs' murder. Additionally, Choute gave a statement to the police on October 22, 2010, which he signed, in which Choute stated that "Calico" or Canton is the person who murdered Nibbs. The People expected Choute to reiterate the same facts when he testified at trial. However, from the inception of his trial testimony, Choute adamantly declared that he did not see Canton commit the crimes for which he was charged.[2] Choute alluded that the prior statement which he gave to police detectives,

---

[2] Because of this contradictory testimony, the People requested that Choute be declared a hostile witness, but the trial court refused.

naming Canton as one of the perpetrators of the crimes, was elicited from him by coercion. The People played for the jury the videotaped statement that Choute gave to police detectives, in which he stated that Canton was one of the individuals who directly participated in the shooting death of Nibbs.

Canton now argues that because Choute's identification of Connor as a participant in the murder of Nibbs was previously proven unreliable and erroneous, as he named an assailant who could not have possibly committed the murder, and because Choute's prior statement implicating Canton was disavowed by Choute at trial, the evidence was insufficient, as a matter of law, to convict Canton. Specifically, Canton argues that even viewing the evidence in a light most favorable to the People, the evidence is insufficient to convict because the majority of the evidence presented against him came from a sole eyewitness whose pretrial statement to police accusing Canton of being one of the killers was recanted at trial, and previous statements from the same eyewitness proved to be unreliable.

█ We agree with the People that a court of review cannot make a factual finding, as a matter of law, when a fact requires a determination of the credibility of a witness's testimony. If it is necessary for an appellate court to choose between witnesses or determine credibility, a finding as a matter of law cannot be made. *United States v. Schafer*, 625 F.3d 629, 637 (9th Cir. 2010). However, Canton importunes this Court to engage in weighing of the credibility of witnesses in order to find that the evidence was insufficient to convict him. As we have held on countless occasions, we cannot engage in such credibility determinations, because these determinations are for the jury. *Alexander v. People*, 60 V.I. 486, 498 (V.I. 2014)); *James v. People*, 60 V.I. 311, 328 (V.I. 2013). *See also United States v. Santos-Rivera*, 726 F.3d 17, 23 (1st Cir. 2013).

█ We have explicated the standard in reviewing a sufficiency of the evidence claim as follows:

> When appellants challenge the sufficiency of the evidence presented at trial, it is well established that, in a review following conviction, all issues of credibility within the province of the jury must be viewed in the light most favorable to the government. We are prohibited from weighing the evidence or determining the credibility of witnesses. And if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm the conviction.

*Williams v. People*, 56 V.I. 821, 835-36 (V.I. 2012) (internal citations and quotation marks omitted).

Despite our innumerable recitations in past opinions of not reweighing witness credibility, Canton urges this Court to make an exception, and engage in the weighing of credibility because the evidence for conviction came from the sole testimony of Choute whose testimony, in Canton's opinion, was extremely questionable in this case. We reject this invitation. Viewed in the light most favorable to the government, the evidence was more than sufficient to permit a rational trier of the facts to find the essential elements of the crimes charged beyond a reasonable doubt, and thus we reject Canton's claim that the evidence is insufficient to sustain his convictions on this basis.

■ ■ Nonetheless, while Canton's sufficiency of the evidence argument is without merit, we find that the trial court committed reversible error when it introduced Choute's prior inconsistent statement as substantive evidence. In admitting Choute's prior inconsistent statement the trial court relied on 14 V.I.C. § 19, which allows the admission of prior inconsistent statements as substantive evidence as long as the party giving such statement is available for cross-examination. However, we previously held that 14 V.I.C. § 19 was implicitly repealed when the legislature enacted Act No. 7161 which repealed the Uniform Rules of Evidence and officially adopted the Federal Rules of Evidence to be used in our courts. *Simmonds v. People*, 59 V.I. 480, 502 (V.I. 2013). Importantly, we held that 14 V.I.C. § 19 was implicitly repealed and that Federal Rules of Evidence Rule 801(d)(1)(A) controls the admission of prior inconsistent statements. *Id.* Therefore, the trial court erroneously relied on former 14 V.I.C. § 19 when it admitted Choute's inconsistent statement as substantive evidence despite the fact that this proof failed to meet the standard prescribed in Rule 801(d)(1)(A). Rule 801(d)(1)(A) provides that prior inconsistent statements are admissible as non-hearsay when "the declarant testifies and is subject to cross-examination about a prior statement, and the statement [is] inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition." Choute's prior inconsistent statement failed to comply with this requirement because his videotaped statement was not given under oath at a trial, hearing, or other proceeding or in a deposition.

■ Canton failed to object to the admission of Choute's inconsistent statement at trial; therefore, the trial court's error only warrants reversal if it meets the plain error standard. *See* V.I.S.CT.R. 4(h); *Henderson v. United States*, 133 S. Ct. 1121, 1124, 185 L. Ed. 2d 85 (2013) (holding that a plain error that affects substantial rights may be considered even though it was not objected to or brought to the court's attention). The plain error standard is met where there is "an error, that was plain, that affected the defendant's substantial rights." *Webster v. People*, 60 V.I. 666, 672 (V.I. 2014) (internal quotation marks and citation omitted). "Even then, this Court will only reverse where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citations omitted).

■■ As noted above, the Superior Court clearly committed error in that it admitted prior inconsistent testimony that was not given under oath at trial, hearing, deposition, or other proceeding as required by Rule 801(d)(1)(A). Further, the statement was not admitted for impeachment purposes as would have been allowed under Federal Rule of Evidence 613. Rather it was admitted as substantive evidence, and the jury was instructed to consider it as such. While the issue of whether section 19 had been implicitly repealed had been unsettled at the time of Canton's trial, "whether a legal question was settled or unsettled at the time of [the trial court's decision], it is enough that an error be 'plain' at the time of appellate consideration." *Henderson*, 133 S. Ct. at 1130-31 (internal quotation marks and citations omitted). The final prongs of the plain error test are also met here as this case is distinguishable from *Simmonds*, in which we upheld the conviction despite the trial court's error in admitting a prior inconsistent statement under former 14 V.I.C. § 19. In *Simmonds*, we found there was no plain error because the inconsistent statement was cumulative to other admissible and uncontradicted evidence confirming the defendant's guilt. *Simmonds*, 59 V.I. at 502. In contrast, this case is more akin to *Williams v. People*, 59 V.I. 1043, 1049 (V.I. 2013), where we concluded that the erroneous admission of a prior inconsistent statement as substantive evidence warranted a new trial because it constituted the only substantive evidence of guilt.

Here, Choute's inconsistent statement was the only evidence introduced at trial which directly supported Canton's guilt in the murder of Nibbs. Furthermore, the People failed to present any other evidence linking Canton to the murder. Therefore, Canton's convictions could

reasonably be anchored upon Choute's erroneously admitted inconsistent statement. While we recognize that the People introduced evidence that the black baseball cap found near the crime scene contained Canton's DNA, this piece of information, standing alone, does not establish Canton's guilt, given that Choute testified at trial that Canton had been a spectator to the incident. Moreover, since the People also established that the cap contained DNA belonging to another individual, the presence of the cap at the crime scene does not even necessarily rebut Christian's testimony that he was in a bar with Canton at the time the shooting occurred. Given the testimony of Christian, Mathew, and Jackson, as well as Choute's in-court testimony, it is very much possible, had the jurors been instructed that they could not consider Choute's prior inconsistent statement as substantive evidence of guilt, that they may have acquitted Canton. Accordingly, it cannot be said on the present record that it is "highly probable that the error [in admitting this proof] did not contribute to the judgment," *Simmonds*, 59 V.I. at 503, and therefore Canton's convictions are reversed, and the case remanded for a new trial.

## V. CONCLUSION

Because the trial court erroneously admitted a key witness's prior inconsistent statement, and this statement was the crux of the People's substantive evidence used to convict Canton, the judgment and commitment is hereby reversed and this case remanded for a new trial.