**MARY BETH HAWKINS and JOHN GODWIN, Plaintiffs**

**v.**

**SUSAN GREINER,[1] WILLIAM C. PRATT, and LINDA K. PRATT,
Defendants**

Civil No. SX-05-CV-493

Superior Court of the Virgin Islands

Division of St. Croix

April 27, 2017

---

[1] The complaint, and subsequent filings by Plaintiffs lists the Defendant Susan Greiner's last name as "Grenier." However, in submissions to the Court, Greiner spells her name as listed in the caption of this Memorandum Opinion. Throughout this Memorandum Opinion, the Court will refer to Defendant Greiner as listed in the caption of this Memorandum Opinion.

113

MOLLOY, *Judge*

**MEMORANDUM OPINION**

(April 27, 2017)

**THIS MATTER** comes before the Court on Defendants William C. Pratt and Linda K. Pratt's ("the Pratts" or "Pratt Defendants") Motion for Summary Judgment, filed on November 17, 2009. Also before the Court is Plaintiffs', Mary Beth Hawkins and John Godwin, Response to Motion for Summary Judgment of Defendants Pratt and Cross-Motion for Summary Judgment, filed on January 19, 2010. For the reasons stated below, the Court will deny the Pratts' motion for summary judgment and will grant the Plaintiffs' cross-motion for summary judgment.

114

# I. FACTUAL BACKGROUND

The Court finds that the following facts are not in dispute for purposes of the pending summary judgment motions. In July and August 2003, Plaintiffs, Mary Beth Hawkins ("Hawkins") and her husband, John Godwin ("Godwin"), along with their infant son, were vacationing in a rental home adjacent to a residence located at 57 North Grapetree Bay on St. Croix, United States Virgin Islands. At all times relevant to the facts of this case, the 57 North Grapetree Bay property was owned by the Pratts and was also occupied by Defendant Susan Greiner ("Greiner") who leased a physically attached apartment unit on the 57 North Grapetree Bay property. Greiner owned a dog named Ruby[2] who lived with her in the apartment. The Pratts were aware that Ruby was on the premises and lived with Greiner. Ruby was generally kept inside a fence at the Pratt's residence with a padlock on the gate.

On August 10, 2003, Ruby dug a hole underneath the padlock-gated fence and escaped from the 57 North Grapetree Bay property. Ruby then entered the neighboring property where the Plaintiffs were staying and went inside the house. There, Ruby encountered Hawkins and her infant son. Ruby then attacked Hawkins biting her about her leg area resulting in Hawkins suffering severe and permanently disabling injuries. Ruby was subsequently euthanized by a local veterinarian.

On August 8, 2005, Plaintiffs filed a complaint against the Pratts and Greiner. Hawkins alleges that the Defendants are liable for her injuries under the Virgin Islands dog bite statute codified at 19 V.I.C. § 2612. Godwin seeks damages for "loss of marital consortium and services due to the life-threatening injuries sustained by his spouse." Compl. ¶ 11.

The Pratts have moved for summary judgment contending that they cannot be held liable for the injuries sustained by Hawkins because they were not the owners of the dog. Plaintiffs filed a cross-motion for summary judgment contending that both Greiner and the Pratts were "owners" of the dog for purposes of 19 V.I.C. § 2612, and therefore are strictly liable for any injuries caused by the dog under the Virgin Islands strict liability dog bite statute.

---

[2] Ruby was a mixed breed Chow.

## II. LEGAL STANDARD

Motions for summary judgment filed in the Virgin Islands Superior Court are governed by Rule 56 of the Virgin Islands Rules of Civil Procedure.[3] Rule 56 requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.I. R. CIV. P. 56(a); *see also Walters v. Walters*, 60 V.I. 768, 794 (V.I. 2014) ("Generally, summary judgment should be granted after an adequate period for discovery has passed if the record reflects that: (1) there are no genuine issues, (2) as to any material fact, and (3) the moving party is entitled to judgment as a matter of law."). "A factual dispute is deemed genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Greene v. V.I. Water and Power Co.*, 65 V.I. 67, 73 (V.I. Super. Ct. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L Ed.2d 202 (1986)). The moving party must support the motion by "identify(ing) those portions of the record that demonstrate the absence of a genuine issue of material fact." *Chapman v. Cornwall*, 58 V.I. 431, 436 (V.I. 2013). If the moving party does so, "the burden shifts to the non-moving party to present 'affirmative evidence' from which a jury might reasonably return a verdict in his favor." *Id.*

In all cases, "[s]ummary judgment is a drastic remedy, and should be granted only when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact that must be decided by a jury." *United Corp. v. Hamed*, 64 V.I. 297, 309 (V.I. 2016) (citation and internal quotation marks

---

[3] On April 3, 2017, the Supreme Court of the Virgin Islands adopted the Virgin Islands Rules of Civil Procedure which went into effect on March 31, 2017. *See In re: Adoption of the VI Rules of Civil Procedure*, Promulgation No. 2017-001, 2017 V.I. Supreme LEXIS 22 (V.I. Apr. 3, 2017). Rule 1-1(c) of the Virgin Islands Rules of Civil Procedure provides that these rules, and subsequent amendments, govern . . . proceedings in any action pending on the effective date of the rules or amendments, unless: (A) the Supreme Court of the Virgin Islands specifies otherwise by order; or (B) the Superior Court makes an express finding that applying them in a particular previously-pending action would be infeasible or work an injustice." V.I. R. CIV. P. 1-1(c)(2)(A) and (B). The Court finds that applying the newly promulgated Virgin Islands Rules of Civil Procedure would not be infeasible and would not work an injustice notwithstanding that the rules were promulgated while this case was pending. The procedural rules at issue in the present motion (Rules 36 and 56) are identical to the rules that governed prior to the promulgation of the Virgin Islands Rules of Civil Procedure.

omitted). The Court's role in deciding a motion for summary judgment is not to determine truth, but rather to determine whether a factual dispute exists that warrants trial on the merits. *See Williams v. United Corp.*, 50 V.I. 191, 195 (V.I. 2008). Where such a factual dispute exists, the Court must deny summary judgment. *See Sealey-Christian v. Sunny Isle Shopping Center*, 52 V.I. 410, 423 (V.I. 2009).

 In this matter, the Pratts have moved for summary judgment and the Plaintiffs have cross-moved for summary judgment. The Plaintiffs' cross-motion for summary judgment does not alter the standard for determining whether to grant summary judgment in this case. Cross-motions for summary judgment "are no more than a claim by each side that it alone is entitled to summary judgment." *Rains v. Cascade Indus., Inc.*, 402 F.2d 241, 245 (3d Cir. 1968). Consequently, "[i]t is well settled that cross-motions for summary judgment do not warrant the court in granting summary judgment unless one of the moving parties is entitled to judgment as a matter of law upon the facts that are not genuinely disputed." *Manetas v. Int'l Petroleum Carriers, Inc.*, 541 F.2d 408, 413 (3d Cir. 1976).

## III. DISCUSSION

The Pratts contend that they are entitled to summary judgment on Plaintiffs' claim for a violation of title 19, section 2612 of the Virgin Islands Code — the Virgin Islands strict liability dog bite statute — because they were simply landlords of the true owner of the dog that bit Hawkins.[4] Plaintiffs cross-move for summary judgment against the Pratts and Greiner arguing that the evidence in this case is uncontroverted that

---

[4] The Pratts, understandably, spend a significant portion of their briefs arguing that they are entitled to summary judgment on Plaintiffs' claim based on a theory of common law negligence. Paragraph 12 of Plaintiffs' complaint allege a claim based on negligence. *See* Compl. ¶ 12 (stating the "Defendants, and each of them, are strictly liable for Hawkins' injuries and damages; alternatively, Defendants, and each of them, *are liable far their negligence in the premises*.") (emphasis added). However, it appears that Plaintiffs have abandoned any claim based on negligence. In their reply to the Pratts' response to Plaintiffs' cross-motion for summary judgment, Plaintiffs' stated:

> Defendants have further attempted to argue concepts of negligence, or at least to conflate negligence principles with those of strict liability in tort, when Plaintiffs, as abundantly clarified, base their claim against the Pratts solely on strict liability.

*See* Plaintiffs' Reply re Cross-Motion for Summary Judgment at 1. Thus, in light of Plaintiff's concession that their claim against the Pratts are solely based on strict liability, the Court finds

the Pratts and Greiner should be considered "owners" of the dog and thus, are strictly liable for any injuries resulting from Ruby biting Hawkins.

█ Title 19, Section 2612(a) of the Virgin Islands Code unequivocally provides that "owners of dogs shall be liable for any damages done by their dogs." Section 2612(b) further states, in relevant part:

> The owners of any dogs which shall bite any person, while such person is on or in a public place, or lawfully on or in a private place, including the place of the owner of such dogs, shall be liable for such damages as may be suffered by persons bitten, regardless of the former viciousness of such dog or the owners' knowledge of such viciousness.

19 V.I.C. § 2612(b). The plain language of section 2612(b) imposes strict liability on the "owners" of a dog who bites any person regardless of whether the owner was negligent or was aware of the former viciousness of the dog. Strict liability dog bite statutes, such as the one at issue in this case, typically "represent[ ] a fundamental determination of legal policy by the . . . Legislature that the risk of a dog unexpectedly biting a person is to be borne by the person who has chosen to own that dog and thus create that risk for society, even when the owner is not at fault in any way and has no reason to know that the dog is vicious." *Priebe v. Nelson*, 39 Cal. 4th 1112, 47 Cal. Rptr. 3d 553, 140 P.3d 848, 858 (2006). Indeed, these laws reflect the public "policy choice to place the burden of damage caused by a dog on the dog's owner." *Augsburger v. Homestead Mut. Ins. Co.*, 2014 WI 133, 359 Wis. 2d 385, 410, 856 N.W.2d 874 (2014) (citations omitted).

The dispositive issue in this case is whether the Defendants fall under the definition of "owner" as defined by the statute. The statute defines the term "owner" in two ways. Section 2602(2) defines "owner" to include "any person owning, keeping or harboring any domestic animal, or leasing any domestic animal from another, or any person who allows a domestic animal habitually to remain about the premises inhabited by such person." 19 V.I.C. § 2602(2). Similarly, section 2602(12) defines "owner" as:

> any person, firm, corporation, or organization who possess, harbors, keeps, or has an interest in, or who has control or custody of an animal.

---

that Plaintiffs have abandoned any claim based on a theory of negligence and finds it unnecessary to address this issue any further.

If the owner or keeper of a dangerous dog is a minor, the parent or guardians, of that minor shall be responsible for compliance with the specifications of this chapter, for the care and housing of the animal and shall also be liable for all injuries and property damage sustained by any person or domestic animal as a result of an attack by the dangerous dog.

*Id.* § 2602(12).

 It is unclear why the Legislature provided for two definitions of one single term in two different subsections of the same statute. Nonetheless, "[i]t is well established the [courts] should, if possible, construe statutes harmoniously." *V.I. Taxi Assoc. v. W. Indian Co., Ltd.*, 66 V.I. 473, 484 (V.I. 2017) (internal quotations omitted); *see also Fish v. Kobach*, 840 F.3d 710 (10th Cir. 2016) ("A court must therefore interpret the statute as a symmetrical and coherent regulatory scheme, and fit, if possible, all parts into an harmonious whole.") (internal citations omitted); *Shumate v. Patterson*, 943 F.2d 362, 365 (4th Cir. 1991) (recognizing "the rule that, whenever possible, statutes should be read in harmony and not in conflict" with each other). Thus, all of the terms defined in section 2602 must "be interpreted to give consistent, harmonious and sensible effect to all of its parts." *See People of the Virgin Islands v. Baxter*, 49 V.I. 384, 393 (V.I. 2008) (opining that a statute should "be interpreted to give consistent, harmonious and sensible effect to all its parts."). The Court finds the definitions of "owner" in sections 2602(2) and 2602(12) neither inconsistent, ambiguous, nor mutually exclusive. Section 2602(2) defines owner to include "any person owning, keeping, or harboring any domestic animal, or any person who allows a domestic animal habitually to remain about the premises inhabited by such person." Similarly, section 2602(12) uses almost identical language as section 2602(2) to define "owner" to mean "any person, firm, corporation, or organization who possesses, harbors, keeps, or has an interest in, or who has control or custody of an animal." These sections can be read together and harmonized such that a person who meets either definition is considered an "owner" of a dog for purposes of determining liability under section 2612. Accordingly, a person who fits under the definition of "owner" as defined in either section 2602(2) or section 2602(12) is liable for any injuries suffered by a person bit by a dog.

### A. Plaintiffs' Claim against Susan Greiner

■ Plaintiffs assert that there is no genuine issue of material fact in dispute that Greiner was Ruby's owner at the time Ruby bit Hawkins and therefore, they are entitled to judgment as a matter of law on their claim based on 19 V.I.C. § 2612. It is undisputed that Defendant Susan Greiner was the owner of the dog at the time it bit Hawkins. Greiner admitted in her answer that she "owned the dog." Def.'s Answer ¶ 4. She also admitted in her response to an interrogatory that she was the owner of the dog that bit Hawkins. Def.'s Mot. Summ. J. Ex. B at 6. ("I was the sole owner . . . of the dog."). As a result, Greiner meets the definition of "owner" under section 2602(2). Thus, the Court has little trouble finding that there is no genuine issue of material fact in dispute that Greiner was Ruby's owner at the time she bit Hawkins and is strictly liable for Hawkins' injuries. Accordingly, summary judgment will be granted in Plaintiffs' favor on this claim.

### B. Plaintiffs' Claim Against the Pratts

Plaintiffs' claim against the Pratts is not so simple. There is no dispute that the Pratts did not "own" Ruby in the common colloquial sense of that term. The Pratts contend that they do not fall under the legal definition of "owner" because they were non-resident property owners who leased the apartment to the dog's true owner. The Pratts argue that they were simply Greiner's landlord and were not on the island when Ruby bit Hawkins. The Pratts further argue that sections 2602(2) and 2602(12) exclude landlords from the definition of "owner" and thus, they cannot be held liable under the dog bite statute.

■■ Plaintiffs, on the other hand, argue that the Pratts fall squarely under the definition of "owner" as defined in the last phrase of section 2602(2) because they "allow[ed] a domestic animal habitually to remain about the premises inhabited by such person." 19 V.I.C. § 2602(2). In support of this argument, Plaintiffs submitted the Pratts' responses to Plaintiffs' Request for Admissions. In that response, the Pratts admitted the following: (1) that they were residents of the United States Virgin Islands at the time of at the alleged Incident;[5] (2) that while physically

---

[5] In Plaintiffs' First request for Admissions Propounded to the Defendants, Plaintiffs defined the word "Incident" to mean "the Incident whereby, on or about August 10, 2003, Your ten-

present in the United States Virgin Islands, they resided at 57 North Grapetree Bay, St. Croix; (3) that Susan Greiner resided in an apartment on the premises located at 57 North Grapetree Bay; (4) that they knew, more than one year prior to the Incident, Susan Greiner kept a dog on the premises at 57 North Grapetree Bay; (6) they permitted Susan Greiner to keep the dog on the premises located at 57 North Grapetree Bay for a period of more than one year prior to the Incident; and (7) they never requested that Susan Greiner remove the dog from the premises at 57 North Grapetree Bay. *See* Pl.s' Resp. to Motion for Summ. J. and Cross-Motion for Summ. J., Ex. E - Defs' Resp. to Pl.s' First Request for Admissions ¶¶ 1, 3-7, dated Mar. 25, 2007. This evidence demonstrates that the Pratts knew that Greiner, their tenant, kept a dog on the 57 North Grapetree Bay property, that the dog (Ruby) was habitually on the 57 North Grapetree Bay property for at least one year prior to Hawkins being bit, and that they allowed the dog to remain on the property. This evidence also demonstrates that the Pratts were residents of the U.S. Virgin Islands and inhabited, or otherwise resided at, the 57 North Grapetree Bay property at the time Ruby bit Hawkins.[6] Thus, the Court finds that Plaintiffs have satisfied their burden of demonstrating that there is no genuine issue of material fact in dispute that the Pratts were "owners" of the dog that bit Hawkins for purposes of establishing liability under 19 V.I.C. § 2612. The burden now shifts to the Pratts to point to admissible evidence that there is a genuine issue of material fact that they were not the dog's "owners."

■ In their response to Plaintiffs' cross-motion for summary judgment, the Pratts argue that Plaintiffs are seeking to impose liability on them

---

ant's dog escaped from Your property into Plaintiffs' property and attacked Plaintiff May Beth Hawkins and all events directly resulting from such vicious canine attack, which form the basis of the complaint." Pls.' First Request for Admissions at 4.

[6] While the term "inhabited" is not defined in the statute, title 1, section 42 of the Virgin Islands Code instructs that "[w]ords and phrases shall be read with their context and shall be construed according to the common and approved usage in the English language." 1 V.I.C. § 42. Courts ordinarily refer to dictionaries for guidance to ascertain the common and approved usage of words and phrases. *See V.I. Auto. Rental Ass'n v. V.I. Port Auth.*, 47 V.I. 728, 734 (D.V.I. 2006) ("courts may refer to dictionaries for guidance regarding the ordinary meaning of a statutory term"). The word "inhabit" is commonly used to mean "to reside in" or "to be present in." *See* Webster's II New Riverside University Dictionary 629 (1994). Thus, the Court finds that the words "inhabit" and "reside" are synonymous for purposes of 19 V.I.C. § 2602.

121

based on their status as landlords and non-resident owners of the 57 North Grapetree property. The Pratts further argue that they resided in Texas, "only visited their home in St. Croix occasionally" and therefore, cannot be considered "owners" for purposes of section 2612. *See* Defs' Mem. in. Supp. of Mot. for Summ. J. at 1-2. Any arguments that the Pratts were not residents of the Virgin Islands or that they did not reside at 57 North Grapetree Bay property is entirely foreclosed by their judicial admissions as indicated in their Rule 36 responses. Rule 36 of the Virgin Islands Rules of Civil Procedure allows a party to serve "upon any other party a written request for the admission, for the purposes of the pending action only . . . ." V.I. R. CIV. P. 36(a). The effect of an admission made pursuant to Rule 36 is articulated in Rule 36(b), which states that "[a] matter admitted under this rule is conclusively established unless the Court, on motion, permits the admission to be withdrawn or amended." V.I. R. CIV. P. 36(b).

■■ ■■ Rule 36 of the Virgin Islands Rules of Civil Procedure is modeled after Rule 36 of the Federal Rules of Civil Procedure. "Because these rules are nearly identical, [the Court] will look to federal decisions interpreting [Rule 36] for persuasive authority." *Appleton v. Harrigan*, 61 V.I. 262, 269 n. 8 (V.I. 2014). Federal courts interpreting Rule 36 of the federal rules "have held that an admission of facts made under Rule 36 is an 'unassailable statement of fact that narrows the triable issues in the case.' " *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992) (citing *Airco Indus. Gases, Inc. v. Teamsters Health & Welfare Pension Fund*, 850 F.2d 1028, 1037 (3d Cir. 1988)). The United States Court of Appeals for the Third Judicial Circuit has also held that "Rule 36 admissions are conclusive for purposes of the litigation and are sufficient to support summary judgment." *Langer*, 966 F.2d at 803. Furthermore, "[b]ecause admissions are conclusive, they are not weighed against competing evidence on a summary judgment motion." *Kida v. Ecowater Sys., LLC*, Civil No. 10-4139, 2011 U.S. Dist. LEXIS 113504, at *13 (E.D. Pa. Sept. 30, 2011); *see also In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) ("Since Rule 36 admissions, whether express or by default, are conclusive as to the matters submitted, they cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record."); *McNeil v. AT&T Universal Card*, 192 F.R.D. 492, 494 n. 4 (E.D. Pa. 2000) (opining that admissions "carry more weight than a witness statement, deposition testimony, or

interrogatories, because once made, admissions cannot be countered by other evidence"). Thus, any evidence submitted by the Pratts that they did not reside in the Virgin Islands at the 57 North Grapetree Bay property is entirely foreclosed by their Rule 36 judicial admissions. These admissions are conclusive on the issue as to whether the Pratts allowed Ruby "to remain about the premises inhabited" by them. *See McSparran v. Hanigan*, 225 F. Supp. 628, 636 (E.D. Pa. 1963) (an admission "foreclosed any dispute at the trial regarding its truth").

Moreover, it is clear to the Court that Plaintiffs are not seeking to impose liability based on the Pratts status as landlords. Rather, the Plaintiffs are seeking to impose liability on the Pratts based on the fact that they allowed a dog to habitually remain on or about the 57 North Grapetree Bay property — a property where the Pratts resided. The evidence is uncontroverted that that dog bit Hawkins causing her significant injuries. Thus, the Court holds that there is no genuine issue of material fact in dispute that the Pratts were also legal "owners" of Ruby for purposes of section 2612.

## IV. CONCLUSION

The Court concludes that Plaintiffs have satisfied their burden of establishing that there are no genuine issues of material fact in dispute that the Pratts and Greiner were "owners" of the dog that bit Hawkins. Because they were the dog's owner, they are strictly liable for any injuries sustained by Hawkins. Thus, the Court will grant the Plaintiffs' cross-motion for summary judgment and will deny the Pratts' motion for summary judgment. An appropriate Order follows.