## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| DIAMONDROCK HOSPITALITY COMPANY, DIAMONDROCK FRENCHMAN'S OWNER, INC., | ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. ST-18-CV-399 |
| v. | ) ) ) ) ) | ACTION FOR DECLARATORY RELIEF AND MONEY DAMAGES |
| CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO POLICY NUMBERS PRPNA1700847 AND PRPNA1702387, THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY, UNITED STATES FIRE INSURANCE COMPANY, XL INSURANCE AMERICA, INC. | ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | Cite as 2020 VI Super 18 |

## ATTORNEYS FOR PLAINTIFFS DIAMONDROCK HOSPITALITY COMPANY & FRENCHMAN'S OWNER, INC.

**J. DARYL DODSON, Esq.**
Moore, Dodson, & Russell, PC
5035 Norre Gade, Suite 201
P.O. Box 310
St Thomas, VI 00804-0310
daryl@mdrvi.com

**MATTHEW J. SCHLESINGER, Esq.**
**JENNIFER L. SAULINO, Esq.**
**COLIN P. WATSON, Esq.**
**JAD H. KHAZEM, Esq.**
Covington & Burling, LLP
*Admitted Pro Hac Vice*
850 10th Street NW
Washington, DC 20001

## ATTORNEYS FOR DEFENDANTS

**CHAD C. MESSIER, Esq.**
**CLAIRE E. ANACLERIO, Esq.**
**HENRY L. FEUERZEIG, Esq.**
Dudley Newman Feuerzeig, LLP
1000 Fredericksberg Gade
St. Thomas, VI 00802-6736
*Attorneys for XL Insurance America, Inc.,*
*Certain Underwriters at Lloyd's of London*
*Subscribing to Policy Nos. PRPNA1700847*
*& PRPNA1702387, & U.S. Fire Ins. Co.*

**MARY BETH FORSHAW, Esq.**
**LYNN K. NEUNER, Esq.**
Simpson Thatcher & Bartlett LLP
*Admitted Pro Hac Vice*
570 Lexington Avenue, 8th Floor
New York, NY 10017
*Attorneys for XL Insurance America,*
*Inc., and Certain Underwriters at*
*Lloyd's of London Subscribing to*
*Policy No. PRPNA1700847*

1

**KRISTIN V. GALLAGHER, Esq.**     **PHILIP A. NEMECEK, Esq.**
**JOANNA L. YOUNG, Esq.**          **TENLEY MOCHIZUKI, Esq.**
Kennedy's CMK LLP                  Katten Muchin Rosenman LLP
*Admitted Pro Hac Vice*            *Admitted Pro Hac Vice*
425 Lexington Avenue               575 Madison Avenue
New York, NY 10017                 New York, NY 10022
*Attorneys for United States Fire*  *Attorneys for Certain Underwriters*
*Insurance Company*                *at Lloyd's of London Subscribing to*
                                   *Policy No. PRPNA1702387*

**CARTY, RENÉE GUMBS,** Judge

## MEMORANDUM OPINION

¶ 1.     **THIS MATTER** is before the Court on Plaintiff "DiamondRock's Motion for Partial Summary Judgment on the Insurers' Misrepresentation Defenses to be Filed Under Seal" filed on October 18, 2019. "Defendants' Opposition to DiamondRock's Motion for Partial Summary Judgment on the Insurers' Misrepresentation Defenses" was filed on November 8, 2019. DiamondRock's reply was filed on November 18, 2019. Based on the arguments proffered, this Court holds that Plaintiff's motion for partial summary judgment shall be denied.

### I.     LEGAL DISCUSSION

#### a.  Summary Judgment Standard

¶ 2.     Pursuant to V.I. R. Civ. P. 56, a motion for summary judgment shall be granted if the moving party can show that there is no genuine dispute of material fact.[1] The Court must grant summary judgment where the movant, who possesses the initial burden of production, shows that "the pleadings, depositions, answers to interrogatories, electronically stored information, stipulations, and admissions on file, together with affidavits, if any, demonstrate the absence of a genuine issue

---

[1] V. I. R. Civ. P. 56(a). *In re Adoption of Virgin Islands Rules of Civil Procedure* promulgated on March 31, 2017, by
V.I. Supreme Court Order, replaces the Federal Rules of Civil Procedure in the territory.

of material fact, and that the moving party is entitled to judgment as a matter of law."[2] Thereafter,

the burden shifts to the non-moving party to "set out specific facts that show a genuine issue of fact

that could reasonably affect the outcome of the case and preclude summary judgment."[3] The Court

must view all reasonable inferences drawn from the evidence provided in a light most favorable to

the non-moving party, and take all allegations as true if properly supported.[4] Thus, once the non-

moving party has presented evidence that "amounts to more than a scintilla but less than a

preponderance," the Court must deny summary judgment.[5] However, if the non-moving party "fails

to make a showing sufficient to establish the existence of an element essential to that party's case,"

the Court must grant summary judgment.[6] The same standard for evaluating a motion for summary

judgment is applicable in resolving a motion for partial summary judgment.[7]

### b.  Judicial Estoppel Standard

¶ 3.     In *Sarauw v. Fawkes*, 66 V.I. 253, 260 (V.I. 2017), the Supreme Court adopted the doctrine

of judicial estoppel in this jurisdiction. Judicial estoppel is a "common law doctrine that prevents a

party from adopting inconsistent positions when doing so would constitute a fraud on the court."[8]

The U.S. Supreme Court further reinforced that the underlying purpose of the doctrine is "to protect

---

[2] *See United Corp. v. Hamed*, 64 V.I. 297, 309 (V.I. 2016); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) *Manbodh v. Hess Oil V.I. Corp. et al.* (In re Manbodh Asbestos Litigation Series), 47 V.I. 215 (V.I. Super. Ct. 2005).
[3] *See generally Hawkins v. Greiner*, 66 V.I. 112 (V.I. Super. Ct. 2017).
[4] *See Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 379-80 (V.I. 2014); *Manbodh*, 47 V.I. at 223-224; *Williams*, 50 V.I. at 194-95; *see also Machado*, 611 V.I. at 391-392.
[5]*Hawkins*, 66 V.I. at 117 (citing *Sealey-Christian v. Sunny Isle Shopping Center*; 52 V.I. 410, 423 (V.I. 2009). *See also United Corp. v. Tutu Park*, 55 V.I. 702, 707 (V.I. 2011); *Williams v. United Corp.*, 50 V.I. at 195. *Williams v. United Corp.*, 50 V.I. 191, 194-95 (V.I. 2008) (noting that the evidence presented can be direct or circumstantial but showing the mere possibility that something occurred in a particular way is not sufficient); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (stating that if the moving party fails to carry the initial burden of proof, the non-moving party must then present evidence that goes beyond the alleged pleadings that create an issue of material fact on an essential element of that party's case, and on which that party will bear the burden of proof at trial).
[6] *See Celotex Corp.*, 477 U.S. at 322-23 (1986).
[7] *Davis v. Am. Youth Soccer Org.*, 64 V.I. 37, 41 (V.I. Super. Ct. 2016).
[8] *Sarauw v. Fawkes*, 66 V.I. 253, 260 (V.I. 2017). *See also Walters v. Walters*, 66 V.I. 768, 775 n.7 (V.I. 2014); *Fontaine v. People*, 56 V.I. 571, 583 n.7 (V.I. 2011).

the integrity of the judicial process."[9] Accordingly, the doctrine of judicial estoppel will "preclude a party from asserting a position on a question of fact or a mixed question of law and fact that is inconsistent with a position taken by that party in a previous judicial proceeding if the totality of the circumstances compels such a result."[10] In order to warrant a finding of judicial estoppel, the Court applies a two-prong test. The Court must first establish that the party's positions are irreconcilably inconsistent.[11] Then, it must also find that the party's position was changed in bad faith and that there is no lesser sanction that would adequately remedy the damage done by the misconduct.[12]

### c. The Court Finds No Evidence to Invoke the Doctrine of Judicial Estoppel

¶ 4.      Here, DiamondRock seeks to dismiss the affirmative defenses raised by the Insurers in their Answer by introducing the deposition testimony of several witnesses to demonstrate that Plaintiff did not misrepresent the amount of damages sustained in their claim.[13] Plaintiff, with particularity, insists that simply because "the building values from the underwriting do not line up with building values in the post-storm claim," does not provide evidence of misrepresentation because the values provided at the time of the underwriting application were estimates.[14] Thus, Defendants cannot, at trial, assert the defense of misrepresentation during the application process as a basis to rescind the policy.[15] Plaintiff explains that because Defendants expressed that they do not intend on rescinding the policy in a prior discovery motion, and in light of the deposition testimony from Defendants' own witnesses that highlighted that no misrepresentation occurred, Defendants should be precluded

---

[9] *New Hampshire v. Maine*, 532 U.S. 742, 749 (U.S. 2001).

[10] *Sarauw*, 66 V.I. at 264- 65 (emphasizing that "judicial estoppel is not a sword to be wield by adversaries and is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims, especially when the alleged inconsistency is insignificant at best and there is no evidence of intent to manipulate or mislead the courts"). *See also Virgin Islands Taxi Ass'n v. Virgin Islands Port Auth.*, 67 V.I. 643, 685 (V.I. 2017); *Daniel v. Borinquen Insulation Co.*, No. SX-98-CV-192, 2017 V.I. Lexis 117, at *22 (V.I. Super. Ct. July 28, 2017).

[11] *Benjamin v. Coral World VI, Inc.*, No. ST-13-CV-065, 2014 V.I. Lexis 35, at *7- 8 (V.I. Super. Ct. June 12, 2014).

[12] *Id.*

[13] *See generally* Plaintiff's Motion for Partial Summary Judgment Brief, at pp. 4-5.

[14] Plaintiff's Motion for Partial Summary Judgment Brief, at p. 6.

[15] Plaintiff's Motion for Partial Summary Judgment Brief, at pp. 1-2.

from asserting the defense.[16]

¶ 5.    On the other hand, Defendants argue that they are entitled to plead any affirmative defense they wish to demonstrate that DiamondRock is not entitled to the relief it seeks.[17] They clarify that they assert misrepresentation because they can readily provide evidence that DiamondRock either "drastically overstated" its post-storm insurance claim or grossly undervalued the value of the Resort in a bid to keep its premiums low.[18] Thus, Defendants are claiming the affirmative defense of misrepresentation based on the $146 million discrepancy between DiamondRock's initial underwriting application of $139 million in April 2017, its March 6, 2018 initial insurance claim, and its most recent claim, in June 2019, that increased to $298.7 million.[19]

¶ 6.    Prior to delving into the two-pronged analysis, in undertaking a precursory examination of when judicial estoppel is warranted, Plaintiff fails. The premise, and contained within the definition, of judicial estoppel specifically requires first asserting an argument in a prior and separate proceeding, and then arguing an irreconcilably inconsistent argument in another proceeding; however, this is not the case here. This matter has remained the singular proceeding and no evidence proffered by Plaintiff demonstrates the existence of a preceding claim or another judicial proceeding, involving the same set of circumstances or facts, where Defendants have alleged an otherwise inconsistent claim.[20]

---

[16] *See* Plaintiff's Motion for Partial Summary Judgment Brief, at pp. 2, 4-5.

[17] Defendants' Opposition Brief, at p. 7.

[18] Defendants' Opposition Brief, at pp. 7- 8, 11.

[19] Defendants' Opposition Brief, at pp. 4-5.

[20] *See, e.g., New Hampshire v. Maine*, 532 U.S. 742, 751- 55 (U.S. 2001) (noting that the Court found that the application of judicial estoppel is appropriate in this case because in 1977, the parties agreed, in a consent decree that the "middle of the Piscataqua River" would be the middle of the river's main channel of navigation while in this case, New Hampshire now instead alleges a different interpretation of "middle of the river"); *Sarauw*, 66 V.I. at 266- 71 (highlighting that where appellant, in a bankruptcy proceeding, claimed to be a resident of Tennessee during the pertinent contested time period while, in the instant case, also claimed to be a resident of the Virgin Islands during the same time period is a textbook example of a case where judicial estoppel is warranted); *Virgin Islands Taxi Ass'n v. Virgin Islands Port Auth.*, 67 V.I. 643, 685- 87 (V.I. 2017) (finding that the doctrine of judicial estoppel does not apply here because the question of the exact amount of monetary damages was never acquiesced to in the preliminary injunction, thus appellees are not precluded from pursuing a claim for damages in the instant case).

¶ 7.    Nevertheless, the Court conducts a more thorough analysis. With regard to the first prong, "irreconcilably inconsistent" means that the claims are "incomparable and impossible to make harmonious."[21] Here, the Court finds absolutely no indication that Defendants' claims are inconsistent with each other. In this case, Plaintiff alleges that the combination of Defendants stating in a prior Opposition regarding reinsurance and reserves that they do not intend to pursue the rescission of the policy, taken into consideration with Defendants' own witnesses who provided testimony that there was no misrepresentation all the while still availing themselves of the misrepresentation defense, leaves the door open for Defendants to indeed possibly pursue this line of defense.[22] However, the Court sees nothing irreconcilably inconsistent with these two claims, they merely are two separate issues that may be conflicting or alternating theories but not inherently irreconcilable. Moreover, Defendants indicated that they do not intend to pursue rescission at trial. Instead, they proffer an alternative reason for utilizing the misrepresentation defense: they intend to provide evidence to demonstrate the "massive gulf between DiamondRock's values when it wanted to buy insurance and its values when it wanted to collect insurance," a defense that is satisfactory to this Court based on the premise of the Complaint.[23]

¶ 8.    Therefore, simply because Plaintiff mischaracterizes the premise of the misrepresentation defense as one thing based on a series of witness testimony and testimony gleaned from a separate and distinct issue from an Opposition does not establish that is indeed what it is.[24] Nevertheless, Defendants have never, at any time, abandoned their position: they are pursuing Plaintiff based on

---

[21] *Benjamin*, 2014 V.I. Lexis 35, at *3.

[22] The issue of rescission was singularly relevant to the reinsurance and reserve issue which this Court fully briefed and addressed in a Memorandum Opinion and Order dated December 5, 2019. To Plaintiff, that means its closed and shut and defeats a claim of misrepresentation, but to Defendants, issues with misrepresentation still arise outside that context.

[23] *See* Defendants' Opposition Brief, at p. 11.

[24] *See, e.g., Virgin Islands Taxi Ass'n v. Virgin Islands Port Auth.*, 67 V.I. 643, 685- 87 (V.I. 2017) (denying the application of judicial estoppel because the Superior Court mischaracterized the damages as incalculable at the preliminary injunction hearing, even though appellants made no assertion that it does not want or would not be seeking damages and never abandoned its position that it was entitled to damages and its entire claim was premised on the conduct of appellees that denied them of significant earnings).

the rather substantial difference between the amount Plaintiff initially claimed and underwrote the Resort for and the amount it is now claiming as of its June 2019 post-storm insurance claim revision, and this is a position they consistently continue to maintain. Therefore, they are entitled to assert the misrepresentation defense, for impeachment purposes by attacking the credibility of any witness, and the Court cannot deprive Defendants of a chance to establish its defenses.

¶ 9.      Secondly, even if, this Court were to hold that Defendants' claims were somehow irreconcilably inconsistent, this Court still finds absolutely no indication that Defendants acted with bad faith or with an intent to mislead the court when setting forth their affirmative defense of misrepresentation. Thus, this Court finds that judicial estoppel is not the proper vehicle for the remedy Plaintiff seeks. Accordingly, because there remains genuine issues of material fact surrounding Defendants' affirmative defense of misrepresentation, this Court denies the Plaintiff's motion for partial summary judgment.

## II.     CONCLUSION

¶ 10.     This Court cannot rely on hypothetical situations that *could* occur, nor can it affirmatively base its decisions on one party's interpretations and assertions. For purposes of addressing summary judgment, it is necessary and prudent for this Court to separate issues that are solely within its purview and not venture into matters that are within the jurisdiction of the jury. To this Court, the evidence that Plaintiff relies on in its argument, deposition and witness testimony and prior inconsistent statements, are questions of witness credibility, impeachment assessments, and assigning proper weight to evidence, all of which fall squarely within the designated role of the jury and the Court will not infringe upon it.[25]

¶ 11.     The Court denies Plaintiff's motion for partial summary judgment on the grounds that

---

[25] *See Alexander v. People*, 60 V.I. 486, 497- 98 (V.I. 2014); *Canton v. People*, 61 V.I. 511, 517 (V.I. 2014); *Latalladi v. People*, 51 V.I. 137, 145 (V.I. 2009); *DeFraites-Bergin v. Bd. of Dirs. Of Burnett Towers Condo. Ass'n*, No. 2007/81, 2008 V.I. Lexis 22, at *7 (V.I. Aug. 14, 2008).

Defendants have raised genuine issues of material fact pertinent to its misrepresentation defense and have presented more than sufficient evidence that "amounts to more than a scintilla" and thus met its burden under the summary judgment standard. Further, neither the element of irreconcilably inconsistent claims nor bad faith have been met to invoke the doctrine of judicial estoppel; therefore, Defendants' affirmative defense of misrepresentation remain.

Accordingly, it is hereby

**ORDERED** that Plaintiff's motion for partial summary judgment is **DENIED**; and it is further

**ORDERED** that copies of this Order shall be directed to by J. Daryl Dodson, Esquire, Claire Anaclerio, Esquire, and Chad Messier, Esquire.

Date: January ___, 2020

**Renée Gumbs Carty**
Judge of the Superior Court
of the Virgin Islands

ATTEST:
Estrella H. George
Clerk of the Court

By: _____
Lori Boynes-Tyson
Chief Deputy Clerk